UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDWARD GUILLEN,

*COMMENT* 

|  |  |
|---|---|
| EDWARD GUILLEN, | ***COMPLAINT AND JURY DEMAND*** |
| Plaintiff, |  |
| -against- | ECF CASE<br>Docket No. 19-cv-5655 |
| CITY OF NEW YORK, individually and in their official capacities as New York City police officers, JONATHAN CANNIZZARO, FRANCISCO BALDARES and JOHN or JANE DOE 1-10, |  |
| Defendants. |  |

------------------------------------------------------------------X

Plaintiff, Edward Guillen, by and through the undersigned attorneys, Sim & DePaola,

LLP, for his complaint against the Defendants, CITY OF NEW YORK, JONATHAN

CANNIZZARO, FRANCISCO BALDARES, and JOHN or JANE DOE 1-10, alleges and states

as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. § § 1981,

1983, 1985, 1986 and 1988 for the violation of his civil rights protected by the Fourth and

Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2.      These claims arise from a January 4, 2018 incident in which defendants, acting under

color of state law, unlawfully arrested and detained Mr. Guillen with a valid warrant or probable

cause. Mr. Guillen was subsequently charged with two counts of Criminal Possession of a

Weapon in the Forth Degree. As a result, Mr. Guillen was wrongfully incarcerated over the

course of two (2) days or approximately sixteen (16) hours. He was maliciously prosecuted, until the dismissal of the charges on April 11, 2018.

3.      The above referenced acts caused Mr. Guillen to be deprived of his liberty and to sustain various emotional and physical injuries.  Mr. Guillen was wrongfully detained and incarcerated for approximately sixteen (16) hours, from the date of his arrest up to, and until, his release on or about January 5, 2018.

4.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

5.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

6.      The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, Edward Guillen ("Mr. Guillen"), is a Hispanic male, who resides in Bronx County, City and State of New York.

9.      The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10.     At all times relevant hereto, Defendant City, acting through the New York City Police Department ( "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

11.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12.     Defendant, Jonathan Cannizzaro ("Cannizzaro"), was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Cannizzaro was, at all relevant times herein, a police officer under Shield No. 4278 and Tax Reg. No. 951588 and assigned to 25th Precinct, located at 120 E 119th Street, New York, New York 10035.  Defendant Cannizzaro is being sued in his individual and official capacities.

13.     Defendant, Francisco Baldares, ("Baldares") was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Baldares was, at all relevant times herein, a police officer under shield No. 24091 and Tax Reg. No. 953662 and assigned to Manhattan South Narcotics Division, located at One Police Plaza, New York, New York 10038.  Defendant Baldares is being sued in his individual and official capacities.

14.     At all relevant times, Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  At this time,

Plaintiff does not know the true names or tax registry numbers of John or Jane Doe 1 through 10, but believes such knowledge is within possession of the defendants.

15.     At all relevant times herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD.  Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

16.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17.     Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

18.     Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

19.     Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law.

20.     This action has been commenced within one year and ninety days from the relevant accrual dates.

## **FACTUAL CHARGES**

21.     On January 4, 2018, at approximately 2:40 a.m., Mr. Guillen was driving his brother's Ford Explorer from the Bronx to Manhattan.

22.     At all times herein mentioned, Mr. Guillen was in obeyance of all laws, including all vehicle and traffic laws then in effect.

23.     At the corner of 2ⁿᵈ Avenue and East 118ᵗʰ Street, within the boundaries of the County, City and State of New York, Mr. Guillen was illegally pulled over by Defendants Cannizzaro and Baldares.

24.     Mr. Guillen's vehicle was unlawfully stopped because he had not committed any crimes, violations or traffic infractions.

25.     Defendants Cannizzaro and Baldares approached Mr. Guillen's vehicle and ordered him to step out of his vehicle without any legal basis or justification for doing so.

26.     Defendants Cannizzaro and Baldares then proceeded to illegally search Mr. Guillen's person and the vehicle he was driving, as Mr. Guillen had not committed any crimes or traffic infractions and there were no indicia of contraband within the vehicle.

27.     Defendant Cannizzaro falsely claimed that he recovered a *per se* illegal "billy club" from the driver's side door of the vehicle.

28.     Defendant Baldares falsely claimed that he recovered a *per se* illegal "large fixed blade knife" from the underneath the back seat of the vehicle.

29.     Mr. Guillen was not in unlawful possession of a "billy club" or a "fixed blade knife."

30.     Mr. Guillen asserts that the "billy club" was actually a small baseball bat, which is not a "billy club" and therefore not a *per se* illegal weapon.

31.     Mr. Guillen further asserts that even if defendant Baldares did find and recover a "fixed blade knife," said item is not *per se* illegal, as the defendants appear to mistakenly believe.

32.     Subsequent to Defendants' illegal car stop and their illegal searches of Mr. Guillen's person and vehicle, Defendants Cannizzaro and Baldares illegally arrested Mr. Guillen for the possession of legal items or completely fabricated the presence of the alleged "weapons."

33.     Defendants Cannizzaro and Baldares either knew or should have known that Mr. Guillen was never in possession of any illegal weapons, as the items alleged to have been recovered from his vehicle were clearly not illegal to possess.

34.     Defendants Cannizzaro and Baldares applied the handcuffs to Mr. Guillen's person in an excessively forceful and tight fashion, causing him to suffer substantial pain and discomfort.

35.     Upon arrival at the precinct, Defendants, including Cannizzaro and Baldares conducted or authorized an illegal strip search and cavity inspection of Mr. Guillen's person.

36.     Defendants,' Cannizzaro's and Baldares,' illegal strip search and cavity inspection of Mr. Guillen's person yielded nothing of probative value and was conducted without any particular justification, as there were no indicia of secreted contraband on plaintiff's person.

37.     The accusatory instrument, also referred to as a Criminal Court Complaint, was signed by Defendant Cannizzaro.

38.     The criminal court complaint contained false allegations based on the personal observations of defendants Cannizzaro and Baldares, which they either knew or should have known to be completely untrue.

39.     Defendants Cannizzaro and Baldares knowingly and intentionally gave false, misleading, or incomplete information to the District Attorney's Office, so that a criminal prosecution would be initiated against Mr. Guillen.

40.     Mr. Guillen asserts that Defendants, including Cannizzaro and Baldares, arrested and detained him with the full knowledge that he committed no crimes or violations of the law.

41.     Defendants, including Cannizzaro and Baldares, never observed Mr. Guillen to be in actual or constructive possession of the alleged "weapons."

42.     No witnesses ever informed Defendants, including Cannizzaro and Baldares, that Mr. Guillen was in possession of a weapon.

43.     Mr. Guillen further asserts that Defendants Cannizzaro and Baldares, despite their knowledge that he committed no crimes or arrestable offenses, proceeded to intentionally, knowingly and maliciously provide the District Attorney's Office with the aforementioned false information, so that a criminal prosecution would be initiated against him.

44.     Mr. Guillen, therefore, asserts that due to the glaring and pervasive absence of any viable probable cause to warrant his detention and prosecution, at any point, he was unlawfully detained and maliciously prosecuted from the moment his vehicle was stopped by Defendants, up to, and until the dismissal of the criminal charges against him.

45.     Mr. Guillen also asserts that his rights, under the United States Constitution and the laws of the State of New York, were further violated, even after his release following his arraignment.

46.     Mr. Guillen's assertion is based on his having to return to court for over four months to defend his innocence against completely inane charges.

47.     These gratuitous infringements persisted until the New York County District Attorney moved to dismiss all charges against Mr. Guillen on April 11, 2018, which represents a favorable termination of the criminal proceedings initiated against him.

48.     At all times relevant hereto, the Defendants, including Cannizzaro and Baldares, were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene when they observed others arresting Plaintiff without probable cause.

49.     At all times relevant hereto, the Defendants, including Cannizzaro and Baldares acted maliciously and with intent to injure Plaintiff.

50.   Defendant City has engaged in a policy, custom, or pattern and practice of stopping vehicles driven by ethnic minorities without probable cause or reasonable suspicion to do so,

51.   Defendant City has also engaged in a policy, custom, or pattern and practice of illegally searching unlawfully stopped vehicles without any justification to do so.

52.   Mr. Guillen asserts that the aforementioned unlawful acts committed by defendants are representative of a pervasive policy, custom or pattern and practice within the City of New York and the NYPD.

53.   Mr. Guillen asserts that Defendants Cannizzaro and Baldares illegally pulled him over, searched his vehicle and person, and then falsely arrested him, due solely to their racial, ethnic, social, or religious discriminatory prejudices, their desire to meet an arrest quota and to benefit from increased overtime compensation.

54.   Mr. Guillen further asserts that Defendants Cannizzaro and Baldares acted in such an unlawfully reprehensible manner, due to their assumption that defendants' version of events would undoubtedly and unduly be credited over Mr. Guillen's, solely because Mr. Guillen is a Hispanic male.

55.   Defendants Cannizzaro and Baldares arrested and maliciously prosecuted Plaintiff, not because of any probable cause to believe Plaintiff had committed any crimes or violations of the law, but because Plaintiff is a Hispanic male.

56.   Defendants Cannizzaro and Baldares discriminated against Plaintiff by arresting, assaulting, battering, and maliciously prosecuting Plaintiff, solely due to defendants' perception or consideration of Plaintiff's race, ethnicity, national origin, immigration status, religion, gender or age.

57.     Defendants Cannizzaro and Baldares perpetrated multiple overt acts in furtherance of their obviously discriminatory inclinations, namely the unlawful car stop, searches, assaults, batteries, seizure, arrest, and malicious prosecution against plaintiff.

58.     Defendants Cannizzaro and Baldares unlawfully stopped, questioned, searched, seized, arrested, and maliciously prosecuted plaintiff, due solely to defendants' perception or consideration of Plaintiff's race, ethnicity, national origin, immigration status, religion, gender or age.

59.     Defendants Cannizzaro and Baldares possessed no valid reason to stop plaintiff's vehicle, to search plaintiff's vehicle, or to arrest plaintiff, which gives rise to the strong inference that the unlawful acts committed by Defendants Cannizzaro and Baldares against Plaintiff were discriminatorily motivated and enacted upon.

60.     Defendants Cannizzaro and Baldares subjected plaintiff to disparate treatment compared to other individuals similarly situated, because defendants did not pull over any white motorists, who were actually committing traffic infractions in the defendants' view.

61.     Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiff's arrest and malicious prosecution without probable cause.

62.     Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion and the appropriate amount of force to be used.

63.     Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiff's arrest without probable cause.

64.     Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

65.     The instant arrest of Plaintiff, without even the semblance of probable cause, was so egregious as to amount to deliberate indifference by the policy and decision makers within the NYPD and City of New York, because the need for enhanced training and supervision is obvious due to the clear lack of any probable cause to arrest and prosecute Plaintiff.

66.     Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD and City of New York are within the exclusive knowledge of Defendants.

67.     Upon information and belief, the personnel files and records of the individual officers involved in Plaintiff's arrest will reveal a history of Constitutional violations or a severe ignorance of the very laws the defendant officers are employed to enforce that will indicate that Defendant City knew, or should have known that the individual officers were unfit for employment as NYPD officers and/or supervisors and would be likely to commit Constitutional violations similar to the violations that were committed against Mr. Guillen.

68.     As a direct and proximate result of the acts of Defendants, including Cannizzaro and Baldares, Plaintiff sustained the following injuries and damages: deprivations of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of the laws and Constitution of the State of New York, physical injury, physical pain and

suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional

distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

69.        Plaintiff re-alleges and re-avers Paragraph 1 through 68 of this Complaint as if fully

set forth herein.

70.        Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of

liberty without a valid warrant or probable cause.

71.        Plaintiff was conscious of his confinement.

72.        Plaintiff did not consent to his confinement.

73.        Plaintiff's arrest and false imprisonment was not otherwise privileged.

74.        Defendant City of New York, as employer of the individual Defendants, is responsible

for their wrongdoings under the doctrine of *respondeat superior*.

75.        As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

76.        Plaintiff re-alleges and re-avers Paragraph 1 through 75 of this Complaint as if fully set

forth herein.

77.        The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution

by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

78.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

79.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

80.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### Assault and Battery Under
### New York State Law

81.     Plaintiff re-alleges and re-avers Paragraph 1 through 80 of this Complaint as if fully set forth herein.

82.     At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

83.     Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent or justification.

84.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

85.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
### Excessive Force Under
### 42 U.S.C. § 1983 Against Individual Defendants

87.     Plaintiff re-alleges and re-avers Paragraph 1 through 86 of this Complaint as if fully set forth herein.

88.     The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

89.     Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

90.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Malicious Prosecution Under
New York State Law

91.     Plaintiff re-alleges and re-avers Paragraph 1 through 90 of this Complaint as if fully set forth herein.

92.     Defendants initiated the prosecution against Plaintiff.

93.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

94.     Defendants acted with malice.

95.     In the absence of probable cause, malice may be inferred.

96.     The prosecution was terminated in Plaintiff's favor.

97.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

98.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99.     As a direct and proximate result of this breach, Plaintiff sustained the damages

hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

100.    Plaintiff re-alleges and re-avers Paragraph 1 through 99 of this Complaint as if fully set

forth herein.

101.    Defendants initiated the prosecution against Plaintiff.

102.    Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution

would succeed.

103.    Defendants acted with malice.

104.    The prosecution was terminated in Plaintiff's favor.

105.    Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by causing

Plaintiff to remain incarcerated against his will after his arraignment and trial by jury

106.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

107.    Plaintiff re-alleges and re-avers Paragraph 1 through 106 of this Complaint as if fully set

forth herein.

108.    Those Defendants that were present but did not actively participate in the aforementioned

unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a

duty to intervene and prevent such conduct, and failed to intervene.

109.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

110.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

111.    Plaintiff re-alleges and re-avers Paragraph 1 through 110 of this Complaint as if fully set forth herein.

112.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

113.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

114.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

115.    Plaintiff re-alleges and re-avers Paragraph 1 through 114 of this Complaint as if fully set forth herein.

116.     Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

117.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

118.    Defendants intended to inflict substantial harm upon Plaintiff.

119.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's

criminal prosecution.

120.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

121.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.


### TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

122.    Plaintiff re-alleges and re-avers Paragraph 1 through 121 of this Complaint as if fully set

forth herein.

123.    Defendants arrested, detained and caused a criminal prosecution to be initiated against

Plaintiff to compel the compliance or forbearance of some act.

124.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution

against Plaintiff, especially with the absence of any cognizable probable cause.

125.    Defendants intended to inflict substantial harm upon Plaintiff.

126.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's

criminal prosecution.

127.    Defendants' actions deprived Plaintiff of his right to free from illegal searches and

seizures, as well as his right not to be deprived of his liberty without due process of law.

128.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

129.    Plaintiff re-alleges and re-avers Paragraph 1 through 128 of this Complaint as if fully set

forth herein. Plaintiff, as a Hispanic male, is a member of a racial minority and protected class.

130.    Defendants discriminated against Plaintiff on the basis of his race, national origin, ethnicity,

religion or sex.

131.    Defendants also engaged in the selective of Plaintiff, in comparison to others similarly

situated.

132.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such

as race, religion, intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or a

malicious or bad faith intent to injure Plaintiff.

133.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

134.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with

adverse effects against Plaintiff.

135.    Defendants did not possess a rational basis, excuse or justification for applying any laws or

statutes against Plaintiff.

136.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

137.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

138.    Plaintiff re-alleges and re-avers Paragraph 1 through 137 of this Complaint as if fully set forth herein.

139.    Plaintiff, as a Hispanic male, is a member of a racial minority and protected class.

140.    Defendants discriminated against Plaintiff on the basis of his race, national origin, ethnicity, religion or sex.

141.    Defendants also selectively treated Plaintiff in comparison to others similarly situated.

142.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, religion, intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

143.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

144.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

145.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

146.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1983, 1985 and 1986 Against Individual Defendants

147.    Plaintiff re-alleges and re-avers Paragraph 1 through 146 of this Complaint as if fully set forth herein.

148.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal protection of the laws, or of the privileges and immunities under the laws.

149.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

150.    Plaintiff sustained injuries to his person or was deprived of rights or privileges of citizens of the United States.

151.    Defendants' conspiracy was motivated by some racial, or otherwise class-based, invidious discriminatory animus.

152.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or being committed, possessed the power to prevent or aid, and neglected to do so.

153.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

154.    Plaintiff re-alleges and re-avers Paragraph 1 through 153 of this Complaint as if fully set forth herein. Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee defendants.

155.    Defendant City breached that duty of care.

156.    Defendant City placed defendants in a position where they could inflict foreseeable harm.

157.    Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

158.    Defendant City failed to take reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

159.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

160.     Plaintiff re-alleges and re-avers Paragraph 1 through 159 of this Complaint as if fully set forth herein. Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of her Constitutional right to free from illegal searches and seizures.

161.     Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

162.     Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

163.     Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

164.     Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

165.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

**e)**      Granting such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: June 17, 2019

                                                Respectfully submitted,


                                                _S/ Samuel C. DePaola_____
                                                Samuel C. DePaola, Esq.
                                                Bar Number: SD0622
                                                Sim & DePaola, LLP
                                                *Attorneys for Mr. Guillen*
                                                4240 Bell Blvd., Suite 201
                                                Bayside, NY 11361
                                                T: (718) 281-0400
                                                F: (718) 631-2700
                                                sdepaola@simdepaola.com