

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SOO-YOUNG SHIN**
*Assistant Corporation Counsel*
(212) 356-2329
soshin@law.nyc.gov

October 30, 2020

<u>By ECF</u>
Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

<div style="border: 2px solid red;">

# MEMO ENDORSED

</div>

Re:  Edward Guillen v. The City of New York, et al.
19-CV-5655 (AJN)

Your Honor:

I represent the defendants in this above-referenced action. I make this motion to compel in light of the deficiencies in plaintiff's responses to interrogatories and document demands, and seek an order compelling responses which comply with the Federal Rules.

Defendants first filed a motion to compel plaintiff to respond to defendants' interrogatories and document requests on August 31, 2020. I received plaintiff's responses on September 3, 2020 at 11:59 pm via email, and plaintiff opposed the motion to compel on September 4, 2020. As set forth below, plaintiff's responses to both interrogatories and document demands are not meaningful in any way. Plaintiff has provided only a handful of definitive responses; the remainder of the responses contained general, meaningless boilerplate objections and do not indicate what, if anything, is being withheld subject to those objections. On September 25, 2020, I sent plaintiff's counsel a detailed letter highlighting the deficiencies with plaintiff's responses and asked for revised responses by October 9, 2020 and offered to meet and confer on the issues. I did not receive any response with regards to the deficiency letter. We otherwise communicated with regards to other unrelated issues such as settlement, mediation and settlement conferences on the instant matter and another matter involving this plaintiff. On October 8, 2020, a status conference was held before Your Honor. Your Honor directed the parties to meet and confer on a separate line for thirty minutes and to submit a joint letter within one week to update the Court. By joint letter on October 15, 2020, we informed Your Honor that we were at an impasse and I requested a briefing schedule for the instant motion to compel. During our thirty minute meet and confer, it became clear that plaintiff's counsel and I

fundamentally disagree on what general objections are, whether they are allowed by the Federal Rules, and the relevant scope of discovery in this instant matter; as further described below. As a result, I make this motion.

Pertaining to the responses overall, attached hereto Exhibit A, in the first instance, plaintiff's responses were served outside of the 30 days provided by Rules 33(b)(3) and 34(b)(2)(A), and as such, plaintiff may not propound objections, but for privilege, see e.g. Carr v. Queens-Long Island Med. Group, P.C. et al., 02 Civ. 1676 (NRB) (JCF), 2003 U.S. Dist. LEXIS 974, at *15 (S.D.N.Y. January 24, 2003); see also Star Fabrics, Inc. v. Gogo Apparel, 2019 U.S. Dist. LEXIS 122632 (S.D.N.Y. July 23, 2019) (untimely objections to interrogatories and document requests are waived). Therefore, it is defendants' position that to the extent that any information has been withheld for any reason other than that it is purportedly privileged, it should be produced.

Secondly, prior to responding to the specific interrogatories and document requests, there is a section titled General Objections, numbered 1 through 11, which plaintiff purports to "incorporate by reference within each and every of the following responses and objections." General objections are no longer permitted under the Federal Rules of Civil Procedure except in rare circumstances, not applicable here. See FRCP 34; Fischer v. Forrest, 14-CV-1304 (PAE) (AJP), 2017 U.S. Dist. LEXIS 28102, at *6 (S.D.N.Y., February 28, 2017) ("incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection. General objections should rarely be used after December 1, 2015 unless each such objection applies to each document request.").

Likewise, half of plaintiff's responses to interrogatories, specifically plaintiff's responses to Interrogatory Nos. 6-11, 13-16, contain the same general objection of:

"Plaintiff objects to this interrogatory on the basis that it is patently improper, as flagrantly violative of both Local Civil Rule 33.3 and Fed. R. Civ. P 26(b)(1). Additionally, said interrogatory is vague, overbroad, unduly burdensome, disproportionate to the needs of this case and is more properly interposed during plaintiff's deposition. Please be further advised that plaintiff objects to each and every Interrogatory and Document Request that seeks information or documents that are within his possession or control or those which defendants have equal access to or maintain exclusive control or possession of."

In the first instance, plaintiff's objections pursuant to Local Civil Rule 33.3 are meritless. These interrogatories are focused on the permitted subject areas under that rule – names of witnesses, identity and location of documents, damages and the like.  Further, defendants have not propounded any interrogatories which are more amenable to a document request and/or deposition and, accordingly, Local Rule 33.3(b) is inapplicable. Second, general objections such as "vague, overbroad, unduly burdensome, disproportionate to the needs the case" are boilerplate objections not permitted under the Rules. See FRCP 34; Fischer, 2017 U.S. Dist. LEXIS 28102, at *6 ("the responses to requests 1-2 stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This

2

language tells the Court nothing. Indeed, even before the December 1, 2015 rules amendments, judicial decisions criticized such boilerplate objections."). Third, the prime function of interrogatories is to allow the requesting party to prepare for a more informed, and therefore, efficient deposition. The objection on the basis that "the plaintiff objects to each and every Interrogatory and Document Request that seeks information or documents that are within his possession or control," is nonsensical, as that's precisely why the information is being sought from plaintiff. As to those that plaintiff purports that "defendants have equal access to or maintain exclusive control or possession of," as discussed more specifically below, plaintiff asserts this general objection based on an incorrect assumption.

Lastly, generally as to plaintiff's responses to defendant's document requests, first many of the responses suffer from the same general deficiency noted above with boilerplate objections such as "overly broad, vague, ambiguous," without providing any further specificity. Furthermore, many responses simply refer back to Response No. 1, which again is a general response and fails to comport with the specificity required by the Rules. Additionally, plaintiff does not state whether he is actually withholding documents based on his asserted objections, which is required under Rule 34(C). Nor does plaintiff state a date by certain by which they will be produced, or identify, what if any, documents are being withheld on the basis of privilege.

In addition to the above-referenced general issues, plaintiff's responses to a majority of the interrogatories and document demands are deficient in more specific ways.

**Interrogatory No. 1:** Defendants asked plaintiff to identify all persons who witnessed, were present at, or have knowledge of the incident, and to describe the physical appearance of any individuals who he could not identify. Plaintiff's response generally points to "the NYPD officers and assistant district attorneys identified within the document provided by defendants" without citing to any specific pages within the documents.

**Interrogatory No. 2:** In response to defendants interrogatory asking plaintiff to identify any and all statements prepared by plaintiff or any other person that relate to the claims and/or subject matter of this litigation, plaintiff generally points to statements previously provided, without providing specificity as to which statements he is referencing. Furthermore, I am personally aware that plaintiff's counsel made comments to the media regarding plaintiff's underlying arrest and the instant lawsuit, as well as plaintiff's other arrests which would be covered under this interrogatory. [1] Additionally, plaintiff presumably had a criminal defense attorney representing plaintiff with regards to the underlying arrest and criminal prosecution, if so, any statements contained within the attorney's file would be responsive to this interrogatory. In so far as plaintiff could assert attorney-client privilege, he has not done so and has not provided an actual response.

**Interrogatory No. 3:** Defendants asked plaintiff to identify statements prepared by the City of new York, its agents, servant aides, or employees that relate to the claims. Aside from the improper general objections, plaintiff responds by incorrectly assuming that it is either in

---

[1] See Dawn R. Wolfe, The Appeal, New Lawsuit is Latest Example of Residents Seeking Accountability for Wrongful Arrests in New York City (January 14, 2020), https://theappeal.org/new-lawsuit-is-latest-example-of-residents-seeking-accountability-for-wrongful-arrests-in-new-york-city/

defendants' possession or readily procurable by defendants. Because there are various employees or agents of the City of New York, employed by various agencies, it is entirely possible that defendants are not aware of all such statements, and hence not sought. Therefore, defendants merely requested that plaintiff respond whether he is aware of and to identify such statements.

**Interrogatories Nos. 7, 8, 9, 10, 11 and Document Request Nos. 11, 15, 16, 17:** These interrogatories asked plaintiff to identify medical providers who have rendered treatment to plaintiff, asked whether he had applied for worker's compensation, social security disability benefits, or Medicare and/or Medicaid, and further whether he had made a claim with any insurance carrier for injuries. The corresponding document requests requested that plaintiff complete blank authorizations so that defendants could order the any relevant documents depending on plaintiff's responses to the interrogatories. Plaintiff only asserted improper general objections and did not respond. In light of plaintiff's response to Interrogatory No. 4, where plaintiff claims to have suffered physical injuries ("physical injuries sustained from the excessively tight handcuffs applied to his wrists, including contusions, lacerations, loss of range of movement, feeling and sensation") and emotional distress, "which is believed to be permanent"), it is clearly relevant and discoverable whether plaintiff had, prior to this incident, received any treatment from medical providers and whether plaintiff applied for worker's compensation, social security disability benefits, Medicare/Medicaid benefits, or made any claim with insurance. By claiming physical injuries and emotional distress with regards to this incident, plaintiff puts at issue whether plaintiff suffered from any pre-existing injury or condition. If plaintiff sought medical or psychological treatment for other injuries and not for the instant matter, it would go to the extent of plaintiffs' current alleged injuries.[2] Furthermore, it is incorrect that defendants have equal access to or maintain exclusive control or possession of any of this information. Plaintiff's counsel and I discussed this at length during our meet and confer on October 8, 2020 and we fundamentally disagree on whether pre-existing injuries are relevant and are subject to discoverability when the plaintiff never sought medical treatment for the injuries he claims resulted from the instant arrest. Plaintiff's counsel also opined that plaintiff may have not sought any medical treatment in the past ten years, in which case that would be an appropriate response to the interrogatory posed. Defendants are willing to limit the scope of the interrogatories further to five years prior to the incident which is the subject of this lawsuit to aid the plaintiff in identifying responsive information.

---

[2] See, e.g., Beckles v. City of N.Y., 08 Civ. 3687 (RJH) (JCF), Slip Op. at 1, ¶ 2 (S.D.N.Y.)  (compelling plaintiff to identify and provide releases for all medical treatment in past ten years to same body part that was allegedly injured during incident); Schenk v. City of N.Y., 08 CV 914 (SLT) (LB), Slip Op. at 1-2 (E.D.N.Y. July 17, 2009) (compelling plaintiff to produce all medical records for previous five years since "plaintiff put her medical records in issue by bringing this case and she must provide City defendants with access to these records by signing releases."); Consol. RNC Cases, 2009 U.S. Dist. LEXIS 40293, at *20-31 (S.D.N.Y. Jan. 8, 2009) (affirming Magistrate's Order compelling production of mental health records and dismissing claims for emotional distress as sanction for failure to produce records since plaintiffs alleged, *inter alia*, "severe emotional distress, emotional injuries, psychological harm, mental anguish, mental injury, embarrassment, humiliation, shock, fright, and apprehension;" Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222-23 (S.D.N.Y. 1994) ("[S]ince plaintiffs seek to prove that they have suffered emotional distress [as a result of defendants' actions] . . . defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not [related to the incident at issue in the litigation]").

**Interrogatory No. 13 and Document Request No. 12:** Defendants asked plaintiff to identify other occasions on which he was arrested and requested that plaintiff complete a blanket §§160.50 and 160.55 authorization in order for the defendants to order any sealed documents if plaintiff provided any responsive information in Interrogatory No. 13. Plaintiff only asserted improper general objections and did not respond. Case law in this circuit make clear that defendants are entitled to inquire into a plaintiff's prior arrest history where a plaintiff alleges he was falsely arrested.[3] Since plaintiff's response to Interrogatory No. 4 claims emotional distress caused by this arrest, any prior arrests and incarcerations are relevant and discoverable, as it may demonstrate that plaintiff's purported damages, particularly for emotional distress, were mitigated by any prior incarcerations and encounters with the criminal justice system. Plaintiff also incorrectly assumes in his boilerplate litany of objections that defendants have "equal or exclusive knowledge and information" as to each occasion that plaintiff has been arrested, especially to the extent that plaintiff has been arrested in other jurisdictions. Furthermore, contrary to plaintiff's assertion, plaintiff has not provided defendants with a blanket authorization for all his prior arrest records since the release provided pursuant to the Local Civil Rule 83.10 Plan **only** allows for a listing of prior arrests by the NYPD. Lastly, plaintiff's invocation of New York Executive Law §296(16) is improper and irrelevant; this is a state law provision intended to shield applicants from housing and employment discrimination based on criminal histories and has no bearing on discovery in a federal civil rights lawsuit.

**Interrogatory No. 14:** Defendants asked plaintiff to identify occasions where plaintiff was convicted of a felony or misdemeanor. Plaintiff asserted improper general objections and did not respond. As discussed *supra*, whether or not plaintiff has previously been convicted of a crime and the amount of time that plaintiff spent incarcerated would be directly relevant and discoverable with respect to damages. Furthermore, if plaintiff was convicted of a felony, or has been convicted of any crime related to his truthfulness, such information would certainly be admissible at trial as to plaintiff's credibility and, at the very least, would be discoverable. See Fed. R. Evid. 609. Further, the fact that information *may* be publicly accessible does not absolve plaintiff of providing the information, especially since it is more time efficient for plaintiff to provide the information.

**Interrogatory No. 15:** Defendants asked plaintiff to identify lawsuits where plaintiff has been a party, plaintiff asserted improper general objections and did not respond. The identification of prior lawsuits may lead to relevant and discoverable information concerning whether plaintiff's injury was pre-existing and/or unrelated to acts of the defendants. Evidence of other lawsuits is admissible at trial where the purpose is to show a possible cause of a plaintiff's injury unrelated to acts of the defendants, so long as the probative value of the evidence outweighs the possibility of unfair prejudice.[4] Further, the fact that information is a matter of

---

[3] See, e.g., Telbert Cicero v. City of N.Y., 2011 U.S. Dist. LEXIS 80880, at *12 (E.D.N.Y. July 25, 2011) (ordering plaintiff to produce an authorization for all prior arrest records "[g]iven the broad range of discovery and the relevance of these records to plaintiff's damages claims" and noting that a plaintiff who has previously been incarcerated 'may suffer less damage as a result of a subsequent wrongful incarceration.') (internal citation omitted).

[4] Brewer v. Jones, 222 Fed. Appx. 69, 71 (2d Cir. 2007) (denying *pro se* appeal from judgment of a defense verdict after evidence of a prior lawsuit was permitted to demonstrate a possible alternate cause of plaintiff's claimed injuries without a limiting instruction from the district court); Jean-Laurent v. Hennessey, 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, *24-26 (E.D.N.Y. Oct. 24, 2011) (denying plaintiff's motion to preclude all

public record does not absolve plaintiff of providing the information, especially since it is more time efficient for plaintiff to provide the information.

 **Document Request No. 2:** Defendants requested that plaintiff produce all documents regarding the incident, including plaintiff's arrest and prosecution, which were in plaintiff's possession, custody or control. As noted previously, plaintiff's response simply references the response at No. 1, which is a general objection. Presumably, plaintiff had a criminal defense attorney representing plaintiff with regards to the underlying arrest and criminal prosecution, and hence these documents would be within plaintiff's possession, custody or control. Neither did plaintiff assert a privilege and respond with what is being withheld or provide a privilege log.

 **Document Request No. 3**: Defendants requested the production of all medical records since the incident and for the five years prior to the incident. Plaintiff responded that he never sought nor received medical treatment for his instant claims or injuries; which was not responsive as to the five years prior to the incident. As detailed *supra*, plaintiff disagrees that discovery related to pre-existing injuries is relevant or discoverable.

 In sum, plaintiff's responses to interrogatories and document demands are utterly lacking. These responses are meaningless in terms of developing a record on which to continue to move along this litigation. While defendants acknowledge that buried within plaintiff's responses there could be good-faith disagreement about the scope of a particular demand, due to the general nature of the objections, it is not possible for defendants to identify where the true disputes exist. For a majority of the interrogatories, a firm response that plaintiff has no knowledge of responsive information would better serve the parties than a litany of general objections. Either there is responsive information or not. Similarly, as to the document requests, a simple response that there are responsive documents which are being withheld pursuant to objection or claim of privilege, or firm statement that there are no responsive documents would add to this litigation rather than detract from it. The general objections simply obscure the issues at hand and do not provide an opportunity for meaningful conferral on actual issues. Furthermore, on its face, with a majority of the responses, it appears that objections are being entered for the sake of objecting, not because there is any information being withheld. Defendants do agree that based on the counsels' meet and confer on October 8, 2020, there appears to be a genuine good-faith disagreement about the scope of discovery related to pre-existing injuries, whether the instant lawsuit puts them at issue and its potential impact on damages, as well as with the discoverability of plaintiff's prior arrest and conviction histories.

 In light of the above, defendants respectfully request an order compelling plaintiff to provide amended responses, by a date certain, that (i) remove general objections, which are precluded by the Federal Rules, (ii) remove boilerplate objections, (iii) provide meaningful, substantive responses to interrogatories, (iv) include a meaningful production of documents or a firm statement that no responsive documents exist, including all properly executed releases or a firm statement that no records exist necessitating said authorizations, (v) state where documents are being withheld pursuant to objection or a claim of privilege, including a privilege log, and (vi) state when responsive documents will be produced in those instances where plaintiff may

---

evidence of a prior lawsuit because limited evidence was relevant to show a possible cause of plaintiff's injury unrelated to the acts of the defendant).

need more time to collect documents. Defendants seek nothing more than the Rules require and wish to avoid any further delay in making progress on this case.

Sincerely,

*Soo-Young Shin* /s/

Soo-Young Shin
Assistant Corporation Counsel

**SO ORDERED.**

_____

Ona T. Wang                     1/29/21
U.S. Magistrate Judge