UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
EDWARD GUILLEN,

                Plaintiff,                19-cv-5655 (AJN) (OTW)

      -against-                    **ORDER**

CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed Defendants' letter motion dated March 24, 2021 (ECF 59) and Plaintiff's untimely opposition dated March 30, 2021 (ECF 61). Defendants' application is granted in part and denied in part, as follows:

Defendants' request for another order to compel amended responses to Defendants' interrogatories and document requests is **DENIED** as moot. (ECF 61). Discovery is hereby extended until **May 7, 2021** for depositions **ONLY**. In light of the ongoing COVID-19 pandemic, depositions shall proceed remotely. Defendants' responses to Plaintiff's interrogatories and document requests must be served within the timeframe provided by the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 33 and 34.

Defendants' request to depose Plaintiff first is **GRANTED**, even though Defendants' request was made without confirming that the parties have met and conferred as required by my Individual Practices, and there is no rule of priority under the Federal Rules. *See* Fed R. Civ. P. 26(d); *Arizonis v. Suffolk Bus Corp.*, No. CV 13-0964 (JFB) (GRB), 2014 WL 1379639, at *1

(E.D.N.Y. Jan. 8, 2014). Plaintiffs' untimely opposition also takes issue with the service and deposition dates in Defendants' notice of deposition. (ECF 61). Nevertheless, in light of Plaintiff's **repeated** delay of the discovery process, Plaintiff's deposition shall proceed first. *Cf. E.L.A. v. Abbott House, Inc.*, No. 16-CV-1688 (RMB) (JLC), ECF. 246 at 2 (S.D.N.Y. Dec. 18, 2019) ("[W]hile it is true that there is no rule of priority under the Federal Rules, given the nature of this case and the delays caused by plaintiff in her discovery production, there is no good reason why plaintiff's deposition should not proceed first."). Accordingly, the Court hereby directs that Plaintiff's deposition precede the Defendants' depositions on a schedule to be worked out among counsel without Court intervention. Counsel must schedule all depositions to be completed **before the new May 7, 2021 discovery deadline**, or risk a ruling that those depositions have been waived. If Plaintiff fails to schedule and complete his deposition in a timely manner and in good faith, he risks waiving the ability to take depositions of Defendants' witnesses. Failure to cooperate in completing the remaining discovery may result in sanctions and/or the apportioning of costs under 28 U.S.C. §1927, Federal Rules of Civil Procedure 16 and 37(a)(5), and/or the Court's inherent authority.

The Clerk of Court is respectfully directed to close ECF 59.

**SO ORDERED.**

Dated: April 1, 2021
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge